United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CEM BUILDERS, INC., a California corporation doing business as TUCKER ENGINEERING,<br><br>Defendant. | Case No. 5:18-cv-00685-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 41 |

In this ERISA enforcement action, Plaintiffs Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, Board of Trustees of the Laborers Pension Trust Fund for Northern California, Board of Trustees of the Laborers Vacation-Holiday Trust Fund for Northern California, and Board of Trustees of the Laborers Training and Retraining Trust Fund for Northern California collectively ("Plaintiffs") move for entry of default judgment against Defendant CEM Builders, Inc., doing business as Tucker Engineering ("Defendant"). Having reviewed Plaintiffs' submissions, the motion is GRANTED for the reasoning below.

**I.   BACKGROUND**

The four trust funds (hereinafter "Trust Funds") are multi-employer employee benefit plans within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(3) and 1002(37). "Each of the Trust Funds is an express trust created by written Trust Agreements pursuant to collective bargaining agreements between the Northern California District Council of Laborers and an employer association representing construction industry employers

Case No.: 5:18-cv-00685-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
1

doing business in Northern California." Lauziere Decl. ¶ 4. The Trust Funds consist of all employee fringe benefit contributions that are to be made by employers pursuant to collective bargaining agreements as well as all returns on contributions and any other property received or held by the Trust Funds. *Id*. ¶ 10, Exs. A, B. The trust agreements for the Trust Funds contain identical terms and conditions. *Id*. ¶ 11.

The duties of the Plaintiffs to the Trust Funds include ensuring that employers who are signatories to the collective bargaining agreements comply with the terms and conditions of their collective bargaining agreements, namely, making payments and contributions to the trust funds on behalf of the covered employees. The trust agreements permit Plaintiffs to seek judicial relief to recover prompt payment of contributions due, including the recovery of delinquent contributions, and further, to seek all attorneys' fees and costs incurred in a lawsuit to recover the delinquent contributions. *Id*. ¶ 13, Ex. D. The trust agreements further provide that employers must submit to an audit by the Plaintiffs. *Id*. ¶ 14, Ex. E.

The Laborers Pension Trust Fund for Northern California also established an Annuity Fund and Annuity Plan. *Id*. ¶ 12, Ex. C. Section 13 of the Laborers Pension Trust Fund for Northern California designates the trustees of the Annuity Fund as named fiduciaries with exclusive authority to control, manage and administer the Annuity Fund and Plan. *Id*.

On June 8, 2006, Defendant executed a Memorandum Agreement with the Northern California District Council of Laborers ("Laborers Union") and became bound to a written collective bargaining agreement with the Laborers Union entitled the Laborers' Master Agreement for Northern California ("Master Agreement"). *Id*. ¶ 6, Ex. F. Section 28 of the Master Agreement requires employers to make contributions to the Trust Funds based on the hours that their respective employees worked as laborers. *Id*. ¶ 16, Ex. G. Employers are to pay the employee fringe benefit contributions on or before the 25th day of the month immediately succeeding the month in which the employee's work was performed. *Id*. In the event that the employer fails to make the monthly installments on or before the 25th day of the month in which the employee fringe benefit contributions are due, the employers are subject to interest at the rate

Case No.: 5:18-cv-00685-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
2

of 1.5% per month as well as liquidated damages. *Id.* Liquidated damages are set at $150 for each month that the contribution is delinquent. *Id.* ¶ 16, Ex. H.

Plaintiffs filed this action on January 31, 2018 seeking damages for breach of the Master Agreement, recovery of unpaid trust fund contributions, and injunctive relief. Dkt. No. 1. The Court granted Plaintiffs' motion for a right to attach order and a writ of attachment. Dkt. No. 19. Plaintiffs personally served the Summons and Complaint on Defendant on April 30, 2018. Dkt. No. 32. The Clerk entered default on June 7, 2018. Dkt. No. 35. On July 30, 2018, Plaintiffs filed this Motion for Default Judgment. Dkt. No. 41. Defendant has neither appeared nor filed an opposition to the motion, and the time for such opposition has expired. Civ. L.R. 7-3(a).

## II. DISCUSSION

### A. Jurisdiction

Courts have an affirmative duty to examine their own jurisdiction—both subject matter and personal jurisdiction—when entry of judgment is sought against a party in default. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e), which bestows jurisdiction to United States district courts over civil enforcement of ERISA violations. Personal jurisdiction arises from service upon Defendant in California. Dkt. No. 32. *Burnham v. Sup. Ct.*, 495 U.S. 604, 610-11 (1990). Venue is also proper as contributions are made to, and benefits are paid from, a corporate co-trustee bank in the Northern District (Dkt. No. 1, ¶ 2) and because Defendant has its principal place of business in Campbell, California. Dkt. No. 1, ¶ 7.

### B. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided seven factors for consideration by the district court in determining whether to enter default judgment: (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the possibility of prejudice to the

Case No.: 5:18-cv-00685-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
3

plaintiff; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### C. The *Eitel* Factors

As to the first and second *Eitel* factors, Plaintiffs' Complaint sets forth substantive and meritorious claims. Plaintiffs allege that Defendant violated ERISA by failing to pay contributions to the Trust Funds. Dkt. No. 1, ¶¶ 8-24. Pursuant to 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to unpaid contributions, interest thereon, liquidated damages, and reasonable attorneys' fees and costs. *Id*. ¶¶ 8-24.

The third *Eitel* factor weighs in favor of granting default judgment. If the motion were denied, "Plaintiffs will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The fourth *Eitel* factor to consider is the sum of money at stake. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012). But "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id*. (citing *Bd. of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall Mechanical, Inc.*, 2011 WL 2600898 at *2 (N.D. Cal. Jun. 30, 2011)). Here, Plaintiffs have asked for unpaid contributions, interest for the unpaid contributions and contributions paid late, as well as attorneys' fees for a total judgment of approximately $420,736.12. The sum in controversy in this case is tailored to the misconduct of Defendant and weighs in favor of entering default judgment.

Fifth, there is no possibility of a dispute of material fact because Defendant has not made an appearance in the action. Furthermore, all material facts are verifiable: the contributions sought

Case No.: 5:18-cv-00685-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
4

are based on the hours reported to Plaintiffs by Defendant.

Sixth, it is unlikely that default was the result of excusable neglect. This action was filed nearly eleven months ago and, as noted, Defendant was properly served. Plaintiffs have also mailed Defendant subsequent case management orders and the motion for default judgment. Defendant is aware of the payment obligations for which it is responsible.

Seventh, although federal policy generally disfavors the entry of default judgment, all the *Eitel* factors weigh in favor of a default judgment here. Therefore, the motion to enter default judgment will be GRANTED.

**D.  Damages**

Plaintiffs' action is based on the statutory duty provided by Section 515 of ERISA, which states that an employer who is obligated to make contributions to a multi-employer plan must do so in accordance with the terms and conditions of such plan or such agreement. 29 U.S.C. § 1145. Section 502(g) of ERISA states that in an action to enforce section 1145, the court shall award the plan unpaid contributions, interest on the unpaid contribution, liquidated damages, reasonable attorney's fees and costs, and equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

*1.  Unpaid Contributions Claim*

Plaintiffs first seek payment for unpaid contributions plus interest for a total of **$362,717.52.**

Defendant reported contributions due and owing for the period May – August, November – December 2017 and January 2018, but failed to pay all the contributions due and owing for these months. According to the Declaration of Michelle Lauziere, the principal amount of unpaid contributions is $286,393.72. This amount represents hours worked and contributions due for covered employees as reported by Defendant. Lauziere Decl. ¶ 18. Attached as Exhibit J to the Lauziere Declaration is the Statement of Contributions Due Laborers Trust Funds, a summary of the contributions reported, but not paid, as prepared by the Fund Office. Pursuant to

29 U.S.C. § 1132(g)(2)(A), Plaintiffs Trust Funds are entitled to an award of the unpaid principal balance of the contributions totaling **$286,393.72**.

Defendant submitted its Employer Reports of Contributions for these months detailing, as required, hours of covered work under the collective bargaining agreement and contributions due on behalf of the covered workers.

For May 2017, Defendant reported 2,237.5 hours of covered work and $49,493.57 in contributions owed. *Id.* ¶ 21, Exs. J, K. Defendant paid contributions in the amount of $35,176.17, leaving a balance of **$14,317.40**. *Id.*, Ex. K.

For June 2017, Defendant reported 2,936 hours of covered work and $64,944.40 in contributions owed. *Id.* ¶ 22, Ex. J. Defendant paid contributions in the amount of $36,230.62, leaving a balance of **$28,356.57**. *Id.*, Ex. M.

For July 2017, Defendant reported 4,056.5 hours of covered work and $94,192.04 in contributions owed. *Id.* ¶ 23, Exs. J, P. Defendant paid contributions in the amount of $48,474.61, of **$45,208.11**. *Id.*, Exs. J, O.

For August 2017, Defendant reported 3,140 hours of covered work and $72,910.90 in contributions owed. *Id.* ¶ 24, Exs. J, Q. Defendant paid contributions in the amount of $34,901.84, leaving a balance of **$37,643.80**. *Id.*, Exs. J, Q.

For November 2017, Defendant reported 5,064.5 hours of covered work and $117,597.84 in contributions owed. *Id.* ¶ 25, Exs. J, S. Defendant paid contributions in the amount of $17,310.52, leaving a balance of **$99,682.65**. *Id.*, Exs. J, S.

For December 2017, Defendant reported 2,878.5 hours of covered work and $66,838.84 in contributions owed. *Id.* ¶ 26, Exs. J, U. Defendant paid contributions in the amount of $6,327.40, leaving a balance of **$60,146.56**. *Id.*, Exs. J, U.

For January 2018, Defendant reported 45 hours of covered work and $1,038.61 in contributions owed. *Id.* ¶ 27, Exs. J, X. For January 2018, Defendant paid no contributions. Thus, the total amount still owed is **$1,038.61**. *Id.*, Exs. J, X.

Pursuant to the Master Agreement the employers are subject to interest at the rate of 1.5% per month, as well as liquidated damages, set at a flat rate of $150 for each month that the contribution is delinquent. Interest was calculated at 1.5% per month from the month in which each delinquent contribution for each Trust Fund was recorded and accumulated, through January 24, 2018. The total interest due is **$38,161.90**. See the Statement of Interest and Liquidated Damages Due [Reported/Not Paid], prepared by the Fund Office and attached as Exhibit W to the Lauziere Decl. ¶ 27.

Pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an additional award in an amount equal to the greater of the interest on the unpaid contributions or liquidated damages at the contract rate. The trust agreement provides for liquidated damages assessed for the contributions not paid amount to $1,050. Lauziere Decl. ¶ 29, Ex. W. Because liquidated damages are less than interest, Plaintiffs have selected the additional award of interest at **$38,161.90**. 29 U.S.C. § 1132(g)(2)(C).

Accordingly, based on the above, for contributions reported, but not paid, plaintiffs are entitled to an award under 29 U.S.C. §§1132(g)(2)(A), (B) and (C) in the following amount:

- § 1132(g)(2)(A) unpaid contributions: $286,393.72
- § 1132(g)(2)(B) interest: $38,161.90
- § 1132(g)(2)(C)(i) interest: $38,161.90

        Sub-Total: **$362,717.52**

*2. Untimely Paid Contributions*

Second, Plaintiffs seek payment for contributions paid, but not paid on time, plus liquidated damages.

Section 502 of ERISA provides that the Court may award "such other legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). This "other legal and equitable relief" includes interest and liquidated damages on employee fringe benefit contributions that were paid but paid late. *Idaho Plumbers & Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 215 n.1 (9th Cir. 1989) (finding that interest and liquidated

damages could be awarded for contributions that were paid but paid late).

During the period June – December 2015; January – September, and December 2016; and January – April, September – October 2017 Defendant paid employee fringe benefit contributions as reported but failed to pay the employee fringe benefit contributions on time, *i.e.*, prior to the 25th of the month immediately succeeding the month in which the employee's work was performed. For example, for the June 2015 contributions due and owing, payment of the contributions is due on before the 25th of July 2015. In each instance, Defendant failed to pay contributions on time. Liquidated damages and interest on contributions that were paid but paid late amount to **$11,864.13** as of January 24, 2018. *Id*. ¶ 17. Plaintiffs provide a summary of liquidated damages and interest, as calculated by the Fund Office. *Id*., Ex. I.

Accordingly, Defendant is liable to Plaintiffs for liquidated damages on contributions that were paid, but paid late, in the amount of **$11,864.13.**

*3.    Injunctive Relief Compelling an Audit of Defendant's Books and Records*

Plaintiffs request a mandatory injunction compelling Defendant to submit to an audit of its financial records for the period January 1, 2013 through the last completed quarter prior to the entry of judgment, to determine the full amount of employer contributions owed to the Trust Funds.

The trust agreement contractually obligates Defendant to submit to an audit of financial records by Plaintiffs. *Id*. ¶ 14, Ex. E. Furthermore, the right of employee benefit plans to enforce such power to audit is long and well established. *See generally Cent. States, Southeast & Southwest Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 571 n.12 (1985). An audit is "well within the authority of the trustees as outlined in the trust documents" and is part of "proper plan administration." *Id*. at 581.

Based on the above, Plaintiffs are entitled to an audit of Defendant's books and records for the period January 1, 2013 through the last completed quarter prior to entry of judgment.

*4.    Attorneys' Fees and Costs*

Section 502(g)(2)(D) of ERISA and the trust agreement at Article IV, Section 3 (*Id*. ¶ 13,

Ex. D) provide that the employer is to reimburse the Trust Funds for attorneys' fees and costs incurred in a suit to enforce payment of outstanding contributions. The law of firm of Bullivant Houser Bailey PC, counsel for Plaintiffs, charged attorneys' fees and costs for this lawsuit in the amount of $46,753.12. Norris Decl. ¶¶ 3-6, Ex. Y. Having reviewed the supporting time entries and descriptions, the Court concludes that Plaintiffs are entitled to recover attorneys' fees and costs against Defendant in the amount of **$46,154.47**.

### III. CONCLUSION AND ORDER

Based on the above, Plaintiffs are entitled to judgment in favor of Plaintiffs and against Defendant under the First and Second Claims for Relief, in the following amounts:

| | |
|---|---|
| **Liquidated Damages and Interest On Contributions Paid, But Paid Late:** | **$11,864.13** |
| **Contributions Reported, But Not Paid:** | |
| • § 1132(g)(2)(A) unpaid contributions: | $286,393.72 |
| • § 1132(g)(2)(B) interest: | $38,161.90 |
| • § 1132(g)(2)(C)(i) interest: | $38,161.90 |
| Sub-total (reported, but not paid): | **$374,581.65** |
| **Attorneys' Fees and Costs:** | $46,154.47 |
| **GRAND TOTAL:** | **$420,736.12** |

In addition, Plaintiffs are entitled to a mandatory injunction compelling defendant to produce its books and records for the period January 1, 2013 through the last completed quarter prior to entry of judgment. Lauziere Decl. ¶ 14, Ex. E. Accordingly, a mandatory injunction shall issue forthwith. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: November 14, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-00685-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
9